**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

MICHAEL LONG, JR.                                                                                          PLAINTIFF
ADC #128075

V.                                            NO: 4:12CV00647 BRW/HDY

DAVID L. REYNOLDS *et al.*                                                                         DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge  (if such a  hearing is granted)  was not  offered at  the
     hearing before the Magistrate Judge.

1

   3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Michael Long, an inmate currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed a *pro se* complaint on October 16, 2012, naming as Defendants Faulkner County Circuit Judge David L. Reynolds, Faulkner County Sheriff's Department employees Maj. Bobby Brown, Brianne Pickard, Thomas, Justin Bishop, Michael Lee, Spaul, and A Rueda, and the Faulkner County Sheriff's Department itself. Because Plaintiff's complaint contained multiple and unrelated claims, he was ordered to file an amended complaint setting forth only the claims relating to a single issue that he wished to pursue (docket entry #3). On November 2, 2012, Plaintiff filed the amended complaint (docket entry #5), making claims against only Reynolds. Accordingly, Plaintiff's claims against all Defendants other than Reynolds should be dismissed without prejudice, and the Court should examine the merits of only the claims raised in Plaintiff's amended complaint.

## **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to the amended complaint, Reynolds was assigned to a domestic abuse matter that had been filed against Plaintiff, and initially ruled in Plaintiff's favor. However, due to allegedly improper influence exerted by the spouse of another judge, who was the lead investigator in another case filed against Plaintiff, Reynolds was persuaded to change his mind before the final ruling was entered, and ultimately granted the petition which had been filed against Plaintiff. Plaintiff claims that communication between Reynolds and the investigator took place outside his presence, without

his knowledge, and amounted to a due process violation.  Plaintiff asserts that Reynolds's conduct violated several judicial cannons, at least one criminal statute, and the constitution.  Plaintiff seeks declaratory and monetary relief, as well as an order directing Reynolds to make a public apology, and to make certain rulings in Plaintiff's state case.

It is clear that Plaintiff's claims against Reynolds have arisen because of actions Reynolds took in his role as the judge presiding in the domestic matter.  However, those actions cannot be the basis for a civil lawsuit against Reynolds.  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994).  Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  *Mireless v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity is not overcome by allegations of bad faith or malice.  *Id*.  The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity.  *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  The actions described by Plaintiff were clearly taken by Reynolds in the performance of his duties as a judge.  Accordingly, Reynolds enjoys absolute immunity, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED.

2. Plaintiff's claims against all Defendants other than Defendant David L. Reynolds be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's claims against Reynolds be DISMISSED WITH PREJUDICE.

4. All pending motions be DENIED AS MOOT.

5. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   28   day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE